UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ARTHUR YASSER and
JOYCE COOK
    Plaintiff,
v.

FINANCIAL CREDIT SERVICE, INC.
d/b/a ARA INC
    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Florida Consumer Collection Practices Act, Florida Statute §559.72, *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

1.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiffs reside here and Defendant placed telephone calls into this District.

2.    This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendants into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail and transacting with alleged debtors in this District.

## PARTIES

3. Plaintiff, ARTHUR YASSER ("YASSER") is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Plaintiff, JOYCE COOK ("COOK") is the Wife of Plaintiff ARTHUR YASSER and is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant, FINANCIAL CREDIT SERVICE, INC d/b/a ARA, INC ("FINANCIAL CREDIT") is a business entity with its principal place of business in Illinois

6. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers

9. Defendant is a "debt collector" as defined in the FDCPA.

10. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Defendant sought to collect from Plaintiffs an alleged debt arising from an obligation to Fleet Bank incurred primarily for personal, family or household purposes.

12. Plaintiff, YASSER, is the sole obligor on the alleged debt.

13. On July 5, 2013, Defendant sent a letter to Plaintiff YASSER stating "We understand that this account has been outstanding for a long time, and in fact, can no longer be collected through a lawsuit."

14. On November 13, 2014 Defendant sent a letter to Defendant YASSER failing to disclose the legal enforceability of the debt.

15. On November 11, 2014, Defendant called the home of Plaintiffs. Defendant advised Plaintiff COOK that they were calling regarding numerous unpaid loans to Fleet Bank from 1989 and that Plaintiff's "had to pay the debt today or Plaintiff YASSER would be taken to Broward County court".

16. Based on the Defendant's intimidation and terror tactics, Defendant COOK paid Defendant $3,209.16 as full payment for the alleged debt.

17. The aforementioned threatening representation had the effect of conveying to an unsophisticated consumer that a lawsuit was going to be filed against her husband.

18. Defendant failed to inform Plaintiff COOK that the communication was from a debt collector.

19. Defendant's representations, as delineated above, were false, deceptive and misleading given that, as of the date of the communication, no lawsuit could be filed against Plaintiff COOKS's husband.

20. Defendant knew it was required to disclose that it is a debt collector and the purpose of its communication to Plaintiff.

## COUNT I- PLAINTIFF COOK
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

21. Plaintiffs incorporate Paragraphs 1 through 20.

22. Defendant failed to disclose that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff, JOYCE COOK, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II- PLAINTIFF COOK
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

23. Plaintiffs incorporate Paragraphs 1 through 22.

24. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose that it is a debt collector in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff, JOYCE COOK, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT III- PLAINTIFF COOK
### FALSELY REPRESENTING THE CHARACTER, AMOUNT OR LEGAL STATUS OF ANY DEBT.

25. Plaintiffs incorporate Paragraphs 1 through 24.

26. Defendant falsely represented the character, amount, or legal status of the debt in violation of 15 U.S.C. §1692(e)(2)(A)

WHEREFORE, Plaintiff, JOYCE COOK, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT IV- PLAINTIFF COOK
## THREATENS TO TAKE ACTION THAT CANNOT LEGALLY BE TAKEN

27. Plaintiffs incorporate Paragraphs 1 through 26.

28. Defendant threatened to take action that could not legally be taken in violation of 15 U.S.C. §1692(e)(5).

WHEREFORE, Plaintiff, JOYCE COOK, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT V- PLAINTIFF COOK
## USED FALSE REPRESENTATIONS OR DECEPTIVE MEANS TO COLLECT ANY DEBT

29. Plaintiffs incorporate Paragraphs 1 through 28.

30. Defendant used false representations and deceptive means to collect a debt in violation of 15 U.S.C. §1692(e)(10)

WHEREFORE, Plaintiff, JOYCE COOK, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Damages;

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

### COUNT VI- PLAINTIFF COOK
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT "FCCPA")

31.    Plaintiffs incorporate Paragraphs 1 through 30.

32.    Defendants' practices are in violation of the FCCPA, including but not limited to Fla. Stat. §559.72(9) which states that it is a violation to "[t]hreaten to enforce a debt when such person knows that the debt is not legitimate or assert that existence of some other legal right when such person knows that the right does not exist."

WHEREFORE, Plaintiff, JOYCE COOK, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.      Damages;

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

### COUNT VII- PLAINTIFF YASSER
### FALSELY REPRESENTING THE CHARACTER, AMOUNT OR LEGAL STATUS OF ANY DEBT.

33.    Plaintiff incorporates Paragraphs 1 through 32.

34.    Defendant falsely represented the character, amount, or legal status of the debt in violation of 15 U.S.C. §1692(e)(2)(A)

WHEREFORE, Plaintiff, ARTHUR YASSER, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT VIII- PLAINTIFF YASSER
## USED FALSE REPRESENTATIONS OR DECEPTIVE MEANS TO COLLECT ANY DEBT

35.    Plaintiff incorporates Paragraphs 1 through 34

36.    Defendant used false representations and deceptive means to collect a debt in violation of 15 U.S.C. §1692(e)(10)

WHEREFORE, Plaintiff, ARTHUR YASSER, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IX- PLAINTIFF YASSER
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT "FCCPA")

1.    Plaintiffs incorporate Paragraphs 1 through 36.

2.    Defendants' practices are in violation of the FCCPA, including but not limited to Fla. Stat. §559.72(9) which states that it is a violation to "[t]hreaten

to enforce a debt when such person knows that the debt is not legitimate or assert that existence of some other legal right when such person knows that the right does not exist."

WHEREFORE, Plaintiff, ARTHUR YASSER, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> JENNIFER M. COLSON, ESQ.
> Attorney for Plaintiffs
> Post Office Box 50028
> Lighthouse Point, FL 33064
> Telephone: 954-784-2290
> jcolson@jennifercolsonpa.com
>
>
> By: s/ Jennifer M. Colson
> Jennifer M. Colson, Esq.
> Florida Bar No. 047783